UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID COCHRAN,

                                  Plaintiff,

   vs.                                                        1:04-CV-666
                                                                   (C.J. Scullin)

GEORGE THOMAIDES, et al,

                                  Defendants.
_____

APPEARANCES:                              OF COUNSEL:

DAVID COCHRAN
Plaintiff, Pro Se

MAYNARD O'CONNOR LAW FIRM      EDWIN J. TOBIN, JR., ESQ.
Attorneys for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

    This matter was referred to me for report and recommendation by the Honorable Frederick J. Scullin, Jr., Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules N.D.N.Y. 72.3(c).

    In this civil rights complaint, plaintiff alleges that defendant police officers used excessive force against plaintiff at the time of his arrest. Plaintiff seeks substantial monetary relief.

    Presently before the court is defendants' motion to dismiss this case as a sanction for plaintiff's failure to comply with this court's June 1, 2005 discovery order. (Dkt. No. 28). Plaintiff has not responded to the motion, but submitted a

document for filing, which was rejected by the court, but which will be discussed below. (Dkt. No. 29). For the following reasons, this court will recommend denying defendants' motion without prejudice.

## DISCUSSION

**1.     Background**

This case was transferred to the Northern District of New York from the Southern District of New York on June 9, 2004. (Dkt. No. 1-3). On June 4, 2004, Chief Judge Scullin found that the complaint did not comply with FED. R. CIV. P. 8 & 10, and ordered that plaintiff file an amended complaint to prevent dismissal of the action. (Dkt. No. 4). Plaintiff filed his amended complaint on July 6, 2004, claiming that defendants Thomaides and Gerace used excessive force on plaintiff during his arrest after a traffic stop. (Dkt. No. 5). Chief Judge Scullin reviewed the amended complaint and allowed the case to proceed. (Dkt. No. 6).

The Rule 16 conference in this action was originally scheduled for November 17, 2004, but was cancelled due to the court's schedule and the fact that plaintiff was incarcerated subsequent to the filing of the amended complaint. On June 1, 2005, I issued an order, requiring plaintiff to respond to interrogatories that defendants served on November 10, 2004. (Dkt. No. 14). Defendants also requested that I issue a scheduling order. I issued the scheduling order on June 10, 2005. (Dkt. No. 16).

On June 24, 2005, the court rejected a submission from plaintiff because

together with his civil case management plan, plaintiff had attempted to file "discovery materials," and had failed to serve a copy of the document on defendants. (Dkt. No. 17). Another submission from plaintiff was rejected on June 30, 2005 because there was no indication on the document that plaintiff had served opposing counsel. (Dkt. No. 18).

Plaintiff subsequently moved for appointment of counsel, however, that motion was denied because plaintiff was not incarcerated when he filed the complaint, he paid the entire filing fee, and he never requested *in forma pauperis* status from the court.[1] (Dkt. Nos. 19, 26). The ***first requirement*** for appointment of counsel is the party's financial eligibility. 28 U.S.C. § 1915(e)(1). Thus, any future motion for appointment of counsel can only be considered when plaintiff properly completes the application for *in forma pauperis* status.

Defendants have now filed a motion to dismiss for lack of prosecution and as a sanction for plaintiff's failure to respond to discovery. (Dkt. No. 28).

## 2. Discovery Sanctions

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to serve answers or objections to interrogatories, after having received proper service of the discovery requests, the court may take various steps to sanction the

---

[1] Plaintiff attached the *in forma pauperis* application to his amended complaint, but wrote N/A covering the pages. Thus, the application was never properly completed. (Dkt. No. 5).

3

disobedient party, including dismissal of the case. FED. R. CIV. P. 37(d)(cross referencing Rule 37(b)(2)(c) which authorizes the court to dismiss an action for failure to comply with a discovery order). Rule 37(b)(2)(c) specifically authorizes a court to dismiss an action if the party disobeys *an order of the court* to provide discovery.

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault by the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In this case, I will not recommend dismissal at this time for plaintiff's failure to comply with discovery. Defendants claim that plaintiff has failed to comply with the court's June, 2005 order to provide discovery, however, in their memorandum of law, defendants stated that plaintiff has provided *some of the discovery, but not all of it.* Defendants then attach as exhibits the discovery requests as well as plaintiff's responses.

The court is concerned because plaintiff appears to have attempted to submit discovery materials to the court which have been rejected because he has failed to

4

serve defendants and because generally, discovery is not filed with the court. (Dkt. Nos. 17, 29). The first rejection came shortly after this court's discovery order, and the second attempt to file discovery material came shortly after defendants' motion to dismiss. Although rejection of the documents was necessary due to plaintiff's failure to serve defendants, it is unclear what the pro se plaintiff was attempting to achieve by filing the "discovery" documents.

Since plaintiff has not completely "failed" to provide discovery, and in fact, has provided defendants with signed medical authorization forms so that defendants could (and did) obtain plaintiff's medical records, I cannot find that plaintiff is "willfully" or "in bad faith" failing to provide information to defendants. Thus, I will not recommend dismissal of the action at this time.

Defendants have included as an exhibit, a letter that they sent to plaintiff on August 12, 2005.[2] This letter indicates the outstanding discovery, and the court assumes that the same discovery is still outstanding. Since one of the outstanding requests is for interrogatories, and plaintiff attempted to file a document entitled "Interrogations", plaintiff may have been incorrectly attempting to comply with this request.

The court also notes that the affidavit of service, attached to defendants' motion to dismiss for failure to prosecute, filed on October 28, 2005, indicates that the motion

---

[2] The exhibit is not marked with any particular number.

was served on plaintiff at *Upstate Correctional Facility*. (Dkt. No. 28). However, a letter that defense counsel sent to the court, with a copy to plaintiff on October 20, 2005, indicates that it was sent to plaintiff at Auburn Correctional Facility. (Dkt. No.25). The court's docket sheet indicates that plaintiff is at *Auburn Correctional Facility*. It is unclear whether plaintiff even received the motion to dismiss.

Finally, the court also notes that the docket sheet also contains a letter from the plaintiff indicating that he met with defense counsel on October 12, 2005 "concerning a deposition" but that plaintiff requested an adjournment pending the court's decision on his motion for appointment of counsel. (Dkt. No. 24). Defense counsel then asked the court to issue a revised scheduling order when the motion for appointment of counsel was decided. (Dkt. No. 25). Defense counsel stated that plaintiff declined to go forward with his deposition pending the outcome of his counsel motion.

Regarding any deposition of the plaintiff, the court must note that because plaintiff is incarcerated, the Federal Rules of Civil Procedure require that defense counsel obtain "leave of court" prior to deposing an individual who is confined in prison. FED. R. CIV. P. 30(a)(2). There is no indication on the docket sheet that defense counsel requested such an order prior to attempting to depose plaintiff. Thus, the deposition attempted on October 12, 2005 appears to have been *unauthorized* in any event.

Since plaintiff may not have even received the motion to dismiss, the court will

recommend that if the District Court approves this recommendation, the plaintiff be given another chance to *respond* to the outstanding discovery.  Plaintiff must be aware, however, that *he must send the responses to defendants and not to the court*. As stated above, the court must assume that the outstanding discovery is the material listed in defendant's letter to plaintiff dated August 12, 2005.  Plaintiff is also cautioned that if any of the requested material does not exist, *he must notify defendants that there is no responsive material to any particular request*.  Plaintiff must also remember that *anything he does file with the court must also be served on defendants and the material filed with the court must specifically indicate that a copy was served on defendants*.

    **WHEREFORE,** based on the findings above, it is

    **RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 28) be **DENIED**, and it is further

    **RECOMMENDED**, that if the District Court adopts this recommendation, the plaintiff be afforded *thirty (30) days from the date of the District Court's Order within which to respond to the defendants' outstanding discovery requests.*

Dated: November 30, 2005

                                                             Hon. Gustave J. DiBianco
                                                              U.S. Magistrate Judge