UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------
DAVID COCHRAN,

                                    Plaintiff,

   -v.-                                                           1:04-CV-0666
                                                                        (FJS)(GJD)
TOWN OF COLONIE, *et al.*,

                                    Defendants.
---------------------------------------------------------------------------
DAVID COCHRAN
Plaintiff, *pro se*

MAYNARD, O'CONNOR LAW FIRM          EDWIN J. TOBIN, JR., ESQ.
Attorneys for Defendants            FAWN A. ARNOLD, ESQ.
6 Tower Place
Albany, NY 12203

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## ORDER

    Presently before the court are two motions. (Dkt. Nos. 60, 62).  Defendants have filed a motion to compel discovery, and plaintiff has filed a letter, responding to the defendants' motion and requesting the appointment of counsel. (Dkt. No. 62). Defendants have opposed plaintiff's motion. (Docket No. 63).  For the following reasons, this court will grant defendants' motion in part and will deny plaintiff's motion for appointment of counsel.

## DISCUSSION

**1.**   **Background**

    Without repeating too many of the facts in this case, the court must outline the incidents that have brought the parties before the court.  On March 6, 2007, this court entered a "Trial Ready Order" in this case, after a telephone conference held with the

parties. (Dkt. No. 50).  An issue regarding the plaintiff's transportation costs arose, and as a result, on March 28, 2007, Senior Judge Frederick J. Scullin, Jr. statistically closed this action, subject to reopening upon plaintiff's release from incarceration.

On May 2, 2007, defendants made a motion to reopen the case on a limited basis for the sole purpose of deposing an elderly non-party witness. (Dkt. No. 53).  In that motion, defendants requested that the court order plaintiff to participate in the deposition. *Id.* Tobin Aff. ¶ 2.  On May 16, 2007, this court granted defendants' motion, ordered plaintiff to participate, and ordered plaintiff to submit proposed questions for the deposition. (Dkt. No. 54).

Subsequent to my order, plaintiff submitted his proposed questions, and on July 5, 2007, I made a ruling regarding the issues presented by his questions. (Dkt. No. 57).  Defendants then filed a "letter-motion" simply stating that they had made arrangements for a video-conference deposition of the witness, and had arranged for plaintiff's participation through the Department of Correctional Services. (Dkt. No. 58).  The letter stated that it was submitting the "Court request for videoconference." (Dkt. No. 59).  The letter also stated that the deposition had been noticed for September 27, 2007. *Id.*

On August 2, 2007, the court endorsed the letter, stating that "[t]his letter advises the court of the status of the case.  The letter has been filed as a letter-motion and is <u>DENIED</u> as moot since it is not a letter-motion." (Dkt. No. 59).  Defendants had improperly filed the letter as a ***motion***, but that the letter was a status report, not a motion.  The court had already ordered the deposition to go forward, and the

August 2, 2007 order simply denied the "motion" as moot ***because the letter was not asking for any relief***. This did ***not*** change the fact that the deposition had been previously ordered, and the court was ***not*** denying the request for a deposition.

Unfortunately, plaintiff misunderstood this court's order, and believed that the court had somehow changed its mind and denied defendants' request for the deposition. At the September 27, 2007 video-deposition, the plaintiff objected to the deposition going forward, basing his objection upon my August 2, 2007 order. Defendants' Ex. G (Transcript of Sept. 27, 2007 proceeding). A review of the transcript of the proceeding shows that the deposition was terminated after a lengthy discussion regarding the order. *Id.* at 7. The deposition ended with defense counsel stating that "we'll go see the judge and we'll come back . . . ." *Id.* There is no indication on the docket sheet of this action that the court was consulted regarding this issue, and no further transcript has been provided.

## 2.    **Motion to Compel**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions relating to various forms of failure to comply with discovery. FED. R. CIV. P. 37. Rule 37(b) provides sanctions for failing to comply with a court order "to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). These sanctions range from an order directing that matters be taken as established for purposes of the action, to dismissal and/or contempt. *Id.* 37(b)(2)(A)(i)-(A)(vii). The court may also order payment of expenses caused by the failure. *Id.* 37(b)(2)(C).

A review of the sanctions under Rule 37, however, shows that these are

generally applicable when the disobedient party is the party from whom the discovery is requested or required.  The incident in this case is more akin to the plaintiff "imped[ing], delay[ing], or frustrat[ing] the fair examination of the deponent" under FED. R. CIV. P. 30(d)(2).  Rule 30(d)(2) provides for an "appropriate sanction" including attorneys fees and expenses incurred due to the party's misconduct. *Id.*

Defendants argue, however, that due to plaintiff's prior problems with discovery, necessitating court orders, the court should dismiss the plaintiff's case as a sanction for his conduct at the deposition.  In the alternative, defendants ask that plaintiff be ordered to participate in the next scheduled deposition of the non-party witness, with the understanding that if he again refuses to participate, his case will be subject to dismissal.

The sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991).  In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault by the individual from whom discovery is sought. *Id.*  The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Plaintiff argues that he simply misunderstood the court's order and did not mean to impede or delay the deposition.  Unfortunately, this is not the first time that plaintiff has had trouble with discovery in this case.  Defendants have had to make a

4

prior motion for sanctions for plaintiff's own failure to produce discovery.  By the same token, the court recognizes that its August 2, 2007 order may have been confusing to a pro se plaintiff.  However, plaintiff did not ask the court for clarification after he received the August 2, 2007 order, and it does not appear that defendants made an attempt to contact the court for clarification before terminating the deposition.  It seems that a telephone call to the court would have solved the issue without further expense and effort.

Based upon the claim of misunderstanding and the fact that no attempt was made to solve the issue at the appropriate time, this court will not recommend granting dismissal as a sanction.  This court is willing to give the plaintiff another chance.  Defendants will be allowed to reschedule the deposition at their convenience, coordinating the schedule with the correctional facility.  Plaintiff is ordered to participate in the deposition by whatever means defense counsel arranges.  Plaintiff is hereby *warned*, however, that *if he fails to participate or in any way impedes the deposition of this witness, his case may be subject to dismissal as a sanction*.

## 3.    Appointment of Counsel

In his response to defendants' motion to compel, plaintiff asks that the court appoint him counsel "so that [he] can effectively litigate this matter. (Dkt. No. 62).  This is plaintiff's third motion for appointment of counsel in this case.  Plaintiff's first two motions for appointment of counsel (Dkt. Nos. 19 and 38) were denied by the court because plaintiff failed to offer any evidence that he was indigent. *See* Dkt.

5

Nos. 26 and 39.  In the order denying plaintiff's second motion for appointment of counsel, the court ordered that plaintiff be provided a blank application to proceed *in forma pauperis* to use in bringing another counsel motion. (Dkt. No. 39).

The court does note that together with one of his previous applications, plaintiff did file some letters that he received in 2004 when he requested assistance from public and private counsel. (Dkt. No. 19).  The letters essentially declined to take plaintiff's case. *Id.*  However, plaintiff ***still*** has not provided this court with any proof of indigence, despite having been advised, on two separate occasions, of the necessity for such information. Dkt. Nos. 26 and 39.  Plaintiff almost complied with the court order when he filed his motion for appointment of counsel on February 12, 2006. (Dkt. No. 38).  He completed the financial information, but neglected to have the facility certify the document as required.

As this Court has previously observed, a party has no constitutionally guaranteed right to the assistance of counsel in a civil case.  *See, e.g., United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981), *cert. denied,* 456 U.S. 916 (1982). The authority for appointing *pro bono* counsel for litigants in civil rights actions is found in 28 U.S.C. §1915, the statute governing proceedings *in forma pauperis*. Appointment of counsel under 28 U.S.C. §1915 is allowed only where a litigant is found by a court to be indigent. *See* 28 U.S.C. §1915(e)(1); *Sears*, *Roebuck and Co. v. Charles W. Sears Real Estate*, *Inc.*, 865 F. 2d 22, 23 (2d Cir. 1988) (affirming decision not to appoint counsel where civil litigant not indigent for purposes of proceeding *in forma pauperis*); *Arch Associates*, *Inc. v. HuAmerica International,*

6

*1993 WL 452599 *2* (S.D.N.Y. Nov. 1, 1993) (28 U.S.C. §1915 allows appointment of counsel only where a litigant is indigent).

In this case, plaintiff has not filed a completed application to proceed *in forma pauperis* which provides the Court with actual information regarding his financial status. The court also notes that this case is ready for trial and has been statistically closed pending plaintiff's release from incarceration. The only reason for the limited re-opening was to take the deposition of the elderly non-party witness. Appointing plaintiff counsel at this time would not be appropriate. As the time approaches for the trial, and if plaintiff makes a proper motion for appointment of counsel, the court will reconsider the application. Accordingly, this motion must be denied. The Clerk will once again be instructed to provide Plaintiff with a blank application to proceed *in forma pauperis*.

**WHEREFORE**, it is hereby

**ORDERED**, that defendants' motion (Dkt. No. 60) is **GRANTED IN PART**, and it is further

**ORDERED**, that defendants may re-schedule the deposition of James Prostack at defendants' convenience, coordinating this schedule with the witness and with plaintiff's correctional facility, and it is

**ORDERED**, that plaintiff must participate in the deposition, and ***plaintiff is warned that his failure to do so may result in sanctions, including dismissal of his case***, and it is

**ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 62)

is **DENIED** without prejudice, and it is further

     **ORDERED**, that upon this case being scheduled for a final pretrial conference, plaintiff may file a Motion for Appointment of Counsel.  That Motion must comply with Local Rule 7.1, must provide the Court with evidence of Plaintiff's indigence, and it is further

     **ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff by regular mail together with a blank application to proceed *in forma pauperis* and a copy of Local Rule 7.1, and on the Defendants in accordance with the Local Rules.

Dated: March 3, 2008

                                       Hon. Gustave J. DiBianco
                                       U.S. Magistrate Judge